THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ESTATE OF DE'ANGELO BROWN, THROUGH
BRYCE BREWER, SPECIAL ADMINISTRATOR                              PLAINTIFF

v.                           Case No. 3:20-cv-00099-KGB

E.C. WEST, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS CHIEF OF THE
WEST MEMPHIS, ARKANSAS, POLICE
DEPARTMENT, *et al.*                                            DEFENDANTS

## ORDER

Before the Court is the motion for the release of Arkansas State Police records filed by defendants on May 27, 2020 (Dkt. No. 10.) In the instant motion, defendants represent that, on May 19, 2020, they "issued a subpoena to the Arkansas State Police for the 'complete file containing all documentation and video footage relating to case number ASP-2019-0078, including but not limited to all officers' statements, photographs, coroner's report(s), and video/audio recordings.'" (*Id.*, ¶ 1). A copy of the subpoena is attached as Exhibit A to defendants' motion (Dkt. No. 10-1). Defendants further represent that plaintiff, the Estate of De'Angelo Brown, through Bryce Brewer, Special Administrator, did not object to the requested production of documents (Dkt. No. 10, ¶ 2).

On May 21, 2020, Mary McLaurin, an attorney for the Arkansas State Police, informed counsel for defendants that "there are several documents and pictures included in the file that fall within the restricted category of 'records, files, and information kept, obtained, or retained by the State Crime Laboratory,'" within the meaning of Arkansas Code Annotated § 12-12-312(a)(1)(A)(i), and that "[t]hose records are privileged and confidential and cannot be released to any person or entity 'except at the direction of a court of competent jurisdiction.'" (Dkt. No. 10-

3, at 1). Ms. McLaurin requested that defendants "ask the district court to issue an order mandating that [Arkansas State Police] release all § 12-12-312 records retained by ASP related to this file." (*Id.*).

In the instant motion, defendants "respectfully request that this Court enter an Order directing the Arkansas State Police to release all Ark. Code Ann. § 12-12-312 records that are retained by it and related to the requested file." (Dkt. No. 10, ¶ 4). To date, plaintiff has not filed a response to defendants' motion, and the time to file such a response has expired. *See* Local Rule 7.2(b).

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Having carefully reviewed the record in this case, the Court agrees with defendants that the investigatory file in the possession of the Arkansas State Police is relevant to the claims and defenses raised in this matter and is, therefore, within the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1). Pursuant to Arkansas Code Annotated § 12-12-312, the Court directs the Arkansas State Police to release all § 12-12-313 records retained by it related to the investigatory file for case number ASP-2019-0078.

It is so ordered this 1st day of September, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge