IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**THE ESTATE OF DE'ANGELO BROWN,**           **PLAINTIFF**
**DECEASED**

V.           **CASE NO. 3:20-CV-0099-KGB**

**E.C. WEST, individually and in his official**
**capacity as CHIEF OF THE WEST MEMPHIS**
**POLICE DEPARTMENT;**
**PRINCE BOHANON, individually and in his official**
**capacity as a member of the WMPD;**
**MICHAEL CLARK, individually and in his official**
**capacity as a member of the WMPD; JOHN BUFORD,**
**individually and in his official capacity as a member of**
**the WMPD;**
**MATTHEW McKEE, individually and in his capacity**
**as member of the WMPD;**
**DANIEL MAGILL, individually and in his official**
**capacity as a member of the WMPD;**
**JAMES PRESLEY, III, individually and in his**
**official capacity as a member of the WMPD**           **DEFENDANTS**

## PROTECTIVE ORDER

In order to permit the parties adequate access to the records necessary to present completely this case, and, at the same time to address privacy concerns, it is hereby ordered, adjudged, and decreed as follows:

1. Defendants are providing plaintiff with their personnel files, which contain confidential and sensitive information.

2. All personal information such as addresses, medical information, mental and physical health, social security numbers, telephone numbers, and other personal identifying information are considered private and sensitive and will be redacted.

3. Any private and sensitive information produced in response to discovery requests as provided in Paragraph 1 shall be considered confidential. Information designated by the parties

as "Confidential" that has not been redacted must not be filed on the public docket. If practical, information designated as "Confidential" will be redacted pursuant to Federal Rule of Civil Procedure 5.2. If redaction and public filing is impractical, then any confidential record shall be clearly marked as confidential and filed under seal.

4. All confidential information provided hereunder shall be used for the purpose of this litigation, and none of the confidential material may be used for any other purpose whatsoever. Moreover, plaintiff may not utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action without a new request.

5. All records, documents, tapes, or any other tangible item containing confidential information provided hereunder shall be retained in the custody of the plaintiff and defendants' counsel, including his and her paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation.

6. If documents or records containing confidential information are used during depositions, all portions of the deposition that reference the confidential information shall be treated as confidential in accordance with this Order.

7. The confidential information provided hereunder shall not, in any manner, be transferred, copied, or communicated, orally or in writing, to any other person not mentioned herein.

8. All materials produced herein pursuant to this Order shall be destroyed promptly upon completion of this litigation.

9. This Protective Order shall govern all pre-trial proceedings but shall be subject to modification either before, during, or after the trial on the merits, upon application of any of

the parties to this lawsuit and for good cause shown.

10. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order of this Court.

11. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure or by any statute or other authority.

12. This Order will be in effect throughout the pendency of this litigation, including any appeal. After that, the obligations imposed will continue but only as a matter of contract between the parties.

So ordered this the 31st day of August, 2021.

_____
Kristine G. Baker
United States District Judge